UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TARGET CORPORATION,<br><br>       Plaintiff,<br>v.<br><br>COLONY INSURANCE COMPANY, TOVAR SNOW PROFESSIONALS, INC., R & D EXPRESS, INC. AND MAUREEN T. MAHER,<br><br>       Defendants. | Court No: 18-cv-1118 |

**TARGET CORPORATION'S COMPLAINT
FOR DECLARATORY JUDGMENT AND OTHER RELIEF**

NOW COMES the Plaintiff, TARGET CORPORATION ("Target") by and through its attorneys, Robert M. Burke and Peter R. Ryndak of JOHNSON & BELL, LTD., for its Complaint for Declaratory Judgment and other relief against Defendants, COLONY INSURANCE COMPANY ("Colony"), TOVAR SNOW PROFESSIONALS, INC. ("Tovar"), R & D EXPRESS, INC., ("R&D"), and MAUREEN T. MAHER, ("Maher") alleges as follows:

**INTRODUCTION**

1.    This declaratory action is brought pursuant to 28 U.S.C. §22001 *et seq.,* and involves the respective rights and duties between Target, Colony, Tovar, R&D, and Maher arising out of claims for insurance coverage for an alleged slip and fall claim and lawsuit which allegedly occurred in the parking lot of the Target store located in Vernon Hills, Illinois.

2.    In this insurance coverage action, Target seeks a declaration that Colony owes it a duty to defend and indemnify with respect to claims for bodily injury made by Maher in the underlying action filed in the Circuit Court of Lake County, Illinois and styled *Maher v. Target*

*Corporation, Tovar Snow Professionals, Inc. and R.&D Express, Inc.* and given Case No: 2017 L 13 (the "underlying action," the "underlying complaint"). (Attached hereto as **Exhibit "A"** is a copy of the underlying complaint.

## THE PARTIES

3. Plaintiff, Target, is organized under the laws of Minnesota with its principal place of business located in Minnesota.

4. Defendant, Colony, is, upon information and belief, organized under the laws of Texas with its principal place of business in San Antonio, Texas and it issued a Commercial General Liability policy to Tovar Snow Professionals, Inc. for the policy period June 1, 2014 to June 1, 2015 under Policy No. 103GL000440700.

5. Defendant, Tovar Snow Professionals, Inc. is an Illinois corporation engaged in a business of commercial snow removal for the benefit of businesses like Target, with its principal place of business in Illinois. Tovar is the named insured on the policy issued by Colony.

6. Defendant, R&D is an Illinois corporation engaged in a business of commercial snow removal for the benefit of businesses like Target, with its principal place of business in Illinois. It entered into a sub-contract with Tovar to provide certain services at the involved location.

7. Defendant, Maher, is, upon information and belief, an individual domiciled in Illinois. Maher is the plaintiff in the underlying action and has filed a complaint against Target, Tovar, and R&D alleging that she was injured as the result of a slip-and-fall accident occurring on or about January 6, 2015 in the parking lot of a Vernon Hills Target store, allegedly due to the negligent failure of Target, Tovar, and R&D to remove snow and ice from the driveway between the parking spots, and to protect Plaintiff from a slippery condition on the premises..

## JURISDICTION AND VENUE

8. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332 in that the Plaintiff and Defendants are citizens of different states and/or foreign states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

9. Venue in the Northern District of Illinois is appropriate pursuant to 28 U.S.C. §1391, as the events giving rise to the claims at issue occurred within this district.

## THE COLONY POLICY

10. Colony issued a Commercial General Liability Policy to Tovar for the period June 1, 2014 to June 1, 2015 (the "policy"). Attached hereto as **Exhibit "B"** is a copy of the policy. The policy has liability limits of $1 million per occurrence and $2 million in the aggregate.

11. The policy was issued to Tovar at its offices located at 195 Penny Avenue, East Dundee, Illinois. The named insured on the policy is Tovar Snow Professionals, Inc./Tovar Snow Plowing, Inc.

12. The coverage grant of the policy reads in relevant part:

   1. INSURING AGREEMENT

      a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.

13. The policy also contains the following relevant additional insured endorsement:

BLANKET ADDITIONAL INSURED ENDORSEMENT

**THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY**

**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – COMPLETED OPERATIONS**

This endorsement modifies insurance provided under the following:

COMMERCIAL LIABILITY COVERAGE PART

**SCHEDULE**

| Name of Additional Insured Person(s) Or Organization(s): | Location And Description of Completed Operations |
|---|---|
| All Persons or organizations as required by written contract with the Named Insured | As designated in written contract with the Named Insured |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | |

**Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury" or "property damage" caused, in whole or in part, by "your work" at the location designated and described in the schedule of this endorsement performed for that additional insured and included in the "products-completed operations hazard."

## THE TARGET-TOVAR AGREEMENTS

14. On February 26, 2014 Target and Tovar entered into a Supplier Qualification Agreement for services. Attached hereto as **Exhibit "C"** is a copy of the Supplier Qualification Agreement. The Supplier Qualification Agreement applies to and is incorporated into all agreements relating to the purchases of services from Tovar by Target including those services outlined in a subsequent "Program Agreement." **Exhibit "C",** p. 1.

15. The Supplier Qualification Agreement contains an indemnification clause at Paragraph 7 which states in relevant part:

> 7.1 Indemnification and Defense of Target. Supplier [Tovar} shall defend, indemnify and hold harmless Target, its affiliates, and their respective directors, officers, shareholders, employees, contractors and agents (collectively, the "Target Parties") from and against any liabilities,

>losses, investigations or inquiries, claims, suits, damages, costs and expenses (including without limitation, reasonable attorneys' fees and expenses) (each, a "Claim") arising out of or otherwise relating to the subject matter of this Agreement, Supplier's performance or failure to perform as required by this Agreement, Supplier's acts or omissions, or any of Supplier's representations or warranties contained in this Agreement.

**Exhibit "C"** p. 6.

16. At Paragraph 8, the Supplier Qualification Agreement contains the following insurance clause:

> 8. <u>Insurance</u>. Supplier (Tovar) shall maintain in full force and effect insurance of the following kinds and amounts, and meeting such other requirements as set forth below.
>
> \* \* \*
>
> 8.2 <u>Commercial General Liability.</u> Commercial general liability ("CGL") insurance with minimum limits of coverage of not less than $5,000,000 per occurrence for bodily injury and property damage which must include the following coverages: products and completed operations, contractual liability for liabilities assumed by Supplier under this Agreement, personal and advertising injury liability, and property in the care, custody or control of Supplier. Supplier's CGL insurance must: (i) designate Target as an additional insured, including with respect to third party claims or actions brought directly against Target or against Target and Supplier as co-defendants and arising out of this Agreement, and (ii) provide for a severability of interests. Exhibit "C", p. 7.

17. On October 1, 2014, Target and Tovar entered into a Program Agreement for snow and ice management services at a number of locations including the Vernon Hills Target store where Plaintiff claims to have fallen. Attached hereto as **Exhibit "D"** is the Program Agreement.

18. The Program Agreement incorporates the terms of the Supplier Qualification Agreement described above. **Exhibit "D",** p. 1.

19. The Program Agreement obligated Tovar to perform snow and ice control services at Target stores, including snow and ice control services at the subject Target store located in Vernon Hills, Illinois. See **Exhibit "A"**, "Statement of Work" to the Program Agreement, **Exhibit "D"**.

20. Under the Program Agreement, a slip-free environment is "absolutely essential" and Target expects that Tovar diligently "pursue this goal during any snow storm and immediately after snow stops falling and during any time of icy conditions that may develop or exist." *Id*.

21. Included within Tovar's scope of work pursuant to the Program Agreement are the parking areas, court corral areas, drive isles, sidewalks, and loading areas. *Id.*

22. Among other provisions, Tovar agreed that the snow and ice removal services it would provide "shall start not any later than upon the occurrence of freezing rain and/or development of icy conditions, or when conditions are slick resulting from any type of precipitation. Snow removal shall commence…upon snow accumulation of 2 inches." See par. 2.1f of Exhibit "A". Tovar also agreed that for Ice Control, there would be "No limit on minimum expected accumulation for this service to begin other than conditions must be hazardous enough to form ice." See par. 3.2h of Ex. "A".

## THE UNDERLYING ACTION

23. The Underlying Complaint alleges that Maher was lawfully on the premises owned by Target at 313 East Townline Road, Vernon Hills, Lake County, Illinois on January 6, 2015. **Exhibit "A"**.

24. The Underlying Complaint alleges that at approximately 2:30 p.m. on January 6, 2015, Plaintiff slipped and fell on a slippery drive in front of Target's entrance as a result of the failure to remove the accumulation of snow and ice. **Exhibit "A"**, p. 10.

25. The Underlying Complaint alleges that Target undertook a duty to render and contract for snow and ice removal services at its stores. *Id*. at p. 4.

26. The Underlying Complaint alleges that Target hired Tovar to promptly remove ice and snow from the parking lot and drive in front of the subject Target entrance. *Id.* at p. 5.

27. The Underlying Complaint alleges that Tovar undertook the duty to render snow and ice removal services at the subject Target store. *Id*. at p. 6. The Underlying Complaint alleges that Target, R&D, and Tovar breached their duty to Maher by failing to exercise reasonable care to protect persons entering the Target store, negligently allowing snow and ice to accumulate in the parking lot and drive in front of the entrance thereby creating a hazardous condition and failed to remove snow and ice from the parking lot and drive in front of the subject store. *Id.* at ¶8.

28. The Underlying Complaint alleges that Target, R&D and Tovar were negligent in their failure to remove snow and ice which allegedly caused Maher's injuries.

## THE TENDERS OF DEFENSE

29. Subsequent to the filing of the Underlying Action, Target demanded that Tovar and Colony pay the costs of Target's defense and indemnity it for all costs incurred in the underlying action.

30. Defendants Tovar and Colony were placed on notice of the claim on or about February 6, 2015 when Target's claims administrator requested that Tovar and its insurance carrier handle the claim on Target's behalf. Target additionally requested coverage on December

15, 2016. Attached hereto as **Group Exhibit "E"** is the February 6, 2015 tender letter, and subsequent e-mail chain.

31. Subsequently, on February 10, 2016, Target again requested confirmation that Target's tender of defense would be accepted. Attached hereto is **Exhibit "F"** is the February 10, 2016 tender letter.

32. On January 5, 2018, counsel for Target wrote to Colony Insurance and again requested that Colony defend and indemnify Target for claims arising out of the Maher suit. Attached hereto is **Exhibit "G"** is the January 5, 2018 tender letter.

33. To date, Colony Insurance has failed to respond to Target's request for defense and indemnification.

## COUNT I
## DECLARATORY JUDGMENT

34. Target re-asserts and re-alleges the allegations contained in Paragraphs 1-31 above as though fully set-forth herein.

35. Under the express terms and conditions of the Colony policy, Colony owes coverage to Target for the underlying action filed by Maher against Target and Tovar. Without limitation, the following provisions apply and trigger Colony's duty to defend and indemnify Target:

   a. Target's is an additional insured under the Colony policy pursuant to the additional insured endorsement. In this regard, the Colony policy applies to name as additional insureds those entities with whom its named insured, Tovar contracts with to name as an additional insured.

   b. The Target-Tovar Agreements (the Supplier Qualification Agreement and the Program Agreement) require Tovar to name Target as an additional insured on its Commercial General Liability Policy. Thus, Target qualifies as an additional insured under the Colony Policy.

The Colony policy covers all insureds for "bodily injury" caused by an "occurrence".

    c.    The Underlying Complaint alleges that Target is liable to Maher for her "bodily injury" caused by an occurrence at Target's Vernon Hills store when Maher allegedly slipped and fell on snow and ice.

    d.    The allegations of the Underlying Complaint allege "bodily injury" and "caused by an occurrence" as those terms are defined by the Colony policy.

36. Pursuant to 28 U.S.C. §22001, Target is entitled to a judicial determination concerning the scope and nature of its rights under the policy issued to Tovar and those of all other parties to this action with respect to the Underlying Complaint.

## COUNT II
## ESTOPPEL

37. Target reasserts and re-alleges the allegations contained in Paragraphs 1-34 as though fully set-forth herein.

38. No response to Target's tender of defense has ever been received.

39. Though the underlying action has been pending since January of 2017, Colony has failed to participate in Target's defense.

40. As a result of Colony's failure to participate in the defense and indemnification of Target, Target has been forced to undertake its own defense.

41. Despite the allegations of the Underlying Complaint triggering Colony's duty to defend and indemnify, Colony has failed to defend its additional insured, Target.

42. The Underlying Complaint, referenced above, and as set-forth in the aforementioned paragraphs arose in connection with work being performed and contracted for by Tovar, Colony's named insured. Moreover, the work was performed on behalf of Target.

43. Colony was obligated to participate in the defense and indemnification of Target.

44. Colony ignored all requests for providing insurance coverage, defense costs, or indemnification, and has never responded to the tenders, accepting or denying same, and never filed any declaratory judgment action asserting its rights.

45. Based upon its failure to defend and its failure to file a timely declaratory action, Colony is estopped from asserting any coverage defenses in the instant case.

WHEREFORE, Plaintiff TARGET CORPORATION request that this Court enter judgment and an Order declaring the rights and obligations between Target, Colony, Tovar and Maher as follows:

A. That Colony is obligated to defend and indemnify Target in the underlying action;

B. That Colony is estopped from asserting policy defenses and has waived any defense and indemnification obligation as a result of its failure to properly respond to the tenders of defense made by Target;

C. That Colony is obligated to pay the defense and indemnification costs of Target for the underlying action, as well as any settlement entered between the parties in the underlying action.

D. Any other relief that this Court deems just and appropriate.

TARGET CORPORATION

By: */s/ Peter R. Ryndak*

Robert M. Burke (#6187403)
Peter R. Ryndak (#06238006)
JOHNSON & BELL, LTD.
33 West Monroe Street - Suite 2700
Chicago, Illinois 60603
312.372.0770 (T)
312.372.9818 (F)
#5093196